| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3125 | **DATE** | 10/5/2012 |
| **CASE TITLE** | Ruben Velasquez vs. THD At-Home Services, Inc., *et al.* | | |

**DOCKET ENTRY TEXT**

Defendant THD At-Home Services, Inc.'s Motion to Dismiss is granted.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

**STATEMENT**

　　　　This is a putative class action brought by the Plaintiff against Home Depot and other Defendants alleging violations of the Illinois Consumer Fraud Act (815 ILCS 505/2B and 2), the federal Truth in Lending Act (15 U.S.C. § 1601 *et seq.*), and the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*). For purposes of this Motion, only the Consumer Fraud Act is pertinent as the moving Defendant, THD At-Home Services, Inc., doing business as The Home Depot At-Home Services, Inc. ("Home Depot") is only implicated in the Consumer Fraud count.

　　　　According to the Complaint, in the summer of 2011, the Plaintiff sought to purchase windows from Home Depot for his home. On June 28, 2011, Plaintiff executed a Home Improvement Contract (Exh. A to the Complaint), a Payment Summary (Exh. B), a "Notice of Cancellation" (Exh. C), a document advising of certain consumer rights (Exh. D), and a specification sheet (Exh. E). On June 30, 2011, the Plaintiff received and signed additional documents involving pre-existing conditions, possible presence of lead, and one giving information as to how the job would be carried out. Finally on July 6, 2011, the plaintiff executed a "Home Depot Installment Loan Agreement," (Exh. I) with the Defendant, Principal Bank as the lender, with an Addendum (Exh. J), which provided that there would be "[n]o interest, no payments 12 months if $5,889, adjusted contract amount is paid in full within 365 days of job completion."

　　　　The final documents included was a Change Order (Exh. K) which reduced the total amount charged due to a change in the type of window to be installed, a revised Installment Loan Agreement, dated July 25, 2011 (Exh. M), which showed the reduced amount financed as a result of the Exhibit K change order. The balance of the documents included in Plaintiff's Complaint, Exhibits N, O, and P represent letters sent to Plaintiff in an attempt to collect alleged monies due which appear to indicate that, in the view of the lender, the Plaintiff had an obligation to make payments on the loan prior to the expiration of 365 days from completion which was, according to the Complaint, on or around September 23, 2011. This appears to be contrary to what was stated in Exhibit J.

## STATEMENT

The Defendant Home Depot as moved to dismiss the case as against it. Its principal argument is that it fully complied with the Consumer Fraud Act because it gave Plaintiff the Notice of Cancellation (Exh. C) that the law requires. The Plaintiff argues, on the other hand, that the Agreement was only final and enforceable after the financing terms had been completed which was not until Exhibit M was executed which was July 25, 2011. Thus, the Defendant jumped the gun by giving the Plaintiff the Notice of Cancellation on June 28, 2011, which was almost one month too early and thus ineffective. The early notice denied the Plaintiff a meaningful ability to cancel. Plaintiff calls this "the two-contract dodge." That is, the real terms of the deal are not negotiated or known to the customer until long after the cancellation period has expired. As authority. Plaintiff cites *Doggett v. County Savings and Loan Co.*, 373 F.Supp. 774, 777 (D.C. Tenn. 1973).

However, Home Depot argues that its role in the transaction was only to sell and install the windows and once it entered into Exh. A, the Home Improvement Contract, its agreement was complete (except for the change order, Exhibit K, which was contemplated by the Original contract). All other agreements were between Plaintiff and the other Defendants. Thus, since its contract was complete upon the execution of Exhibits A and B on June 28, 2011, the Notice of Cancellation which bore the same date was timely. It points out that the *Doggett* case is not in point because that was an action directly against the financing agency pursuant to a provision of the Consumer Credit Protection Act, 15 U.S.C. § 1635(a) which obligated the lending agency, where a security interest was acquired in residential real estate, to give its own three-day cancellation notice.

The Court believes that Home Depot has the better of the argument. Plaintiff cites no case other than *Doggett* and the Court has found none that requires the notice to be given after financing is complete where the lending agency is a separate entity. The deal, as written in Exhibits. A and B, show that insofar as Home Depot was concerned, on June 28, 2011, there was a meeting of the minds that the sale price listed in Exhibit B was $5,979 (which was later reduced in Exhibit K by $90), and was to be paid in full by a final payment without interest provided it was paid within 365 days of completion. Thus, the Plaintiff had the option of waiting one year and paying cash or financing the loan in some other fashion so long as the total was paid on or prior to the expiration of 365 days from completion. It appears that through the collection letters that the lenders that loaned the money to Plaintiff may not have abided by this agreement. But any such claim lies against other Defendants and not Home Depot and are expressed in the other counts. The law in Illinois requires a contract to be sufficiently definite and certain to be enforceable under proper rules of construction. *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 118 Ill. 2d 314-15 (1987). Here it was.

Accordingly, since Home Depot fully complied with the requirements of the Illinois Consumer Fraud Act as to service of the Cancellation Notice, its Motion to Dismiss is granted.